**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RUSSELL MARCILIS II, FELICIA MARCILIS,
JASMINE MARCILIS, RUSSELL MARCILIS I,
and MARIE MARCILIS,

      Plaintiffs,

v.                                                  CASE NO: 2:09-cv-11624
                                                    HON: LAWRENCE P. ZATKOFF
                                                    MAG. VIRGINIA M. MORGAN

REDFORD TOWNSHIP, BRIAN JONES, ERIC WOODALL,
ERIC GILLMAN, JOHN BUTLER, KEVIN JEZIOROWSKI,
WILLIAM HAND, BRAD BOYLE, DAVE LIVINGSTON,
CHRIS RICHARDSON, and OTHER UNNAMED OFFICERS, in their individual
and official capacities,

      Defendants.

_____/

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES | CUMMINGS, McCLOREY, DAVIS |
| CHRISTOPHER J. TRAINOR (P42449) | & ACHO, P.L.C. |
| SHAWN C. CABOT (P64021) | JEFFREY R. CLARK, (P33074) |
| Attorneys for Plaintiffs | ANNE M. McLAUGHLIN (P40455) |
| 9750 Highland Road | Attorneys for Defendants |
| White Lake, MI  48386 | 33900 Schoolcraft Road |
| (248) 886-8650 | Livonia, MI 48150 |
| Shawn.cabot@cjtrainor.com | (734) 261-2400 |

_____/

## SECOND AMENDED COMPLAINT AND JURY DEMAND

    **NOW COME** Plaintiffs, by and through their attorneys, CHRISTOPHER

TRAINOR & ASSOCIATES, and for their Second Amended Complaint against the

above-named Defendants state as follows:

1.    At the time of the incidents giving rise to this Complaint, Plaintiffs Russell II,

    Felicia, and Jasmine were residents of Clinton Township, County of Macomb,

    State of Michigan.

1

2.    At the time of the incidents giving rise to this Complaint, Plaintiffs Russell I
      and Marie were residents of the City of Detroit, County of Wayne, State of
      Michigan.

3.    Defendant Redford Township is a municipal corporation and governmental
      subdivision organized and existing under the laws of the State of Michigan.

4.    The individually-named Defendants Jones, Woodall, Gillman, Butler,
      Jeziorowski, and Hand are and/or were police officers employed by the
      Redford Township Police Department and were acting under color of law and
      within the course and scope of their employment at all times mentioned
      herein.

5.    That Defendant Richardson was and/or is a police officer employed by the
      City of Detroit Police Department and was acting under color of law and
      within the course and scope of his employment at all times mentioned herein.

6.    That Defendants Boyle and Livingston were and/or are officers employed by
      the United States Drug Enforcement Administration and were acting under
      color of law and within the course and scope of their employment at all times
      mentioned herein.

7.    At all times mentioned herein, Defendants were acting in their individual and
      official capacities.

8.    All relevant events giving rise to this lawsuit occurred in the Counties of
      Wayne and Macomb.

9.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal
      question], 28 U.S.C. § 1343 [civil rights].

10. That this lawsuit arises out of Defendants' violations of Plaintiffs' federal constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and consequently, Plaintiffs have viable claims for damages under 42 U.S.C. § 1983.

11. This Court also has supplemental jurisdiction over Plaintiffs' state law claims.

12. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

13. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

14. On May 2, 2007, Defendants executed a baseless and facially invalid search warrant for the following two addresses: (1) 5966 Manistique, which is located in the City of Detroit and (2) 17268 Suffield Drive, which is located in Clinton Township.

**Illegal Raid at 5966 Manistique**

15. Plaintiffs Russell I, Marie, and Jasmine were present at the Manistique address when the illegal search occurred.

16. Defendants failed to "knock and announce" and instead kicked in the door and rushed into the home with their guns drawn and were ready to shoot.

17. No reasonable officer could have found exigent circumstances to justify noncompliance with the knock and announce rule.

18. At the time of the raid, Plaintiff Russell I had just been released from the hospital after sustaining second degree burns over 60% of his body and had

bandages covering his body which were clearly visible to anyone who looked at him.

19.    It was obvious to any person looking at Plaintiff Russell I, that he suffered from a serious and painful medical condition, requiring that he be treated gently and with care.

20.    Despite Plaintiff Russell I's obviously fragile physical condition, Defendants forcefully grabbed him and threw him to the floor with their guns pointed directly at him.

21.    Plaintiffs Marie and Jasmine were also told not to move and had guns pointed at them during the approximately thirty (30) minute raid.

22.    Defendants then told Plaintiff Jasmine that she was being sent to college on "crack money" and that her parents were like the criminals "Bonnie & Clyde."

23.    Defendants illegally searched the house and ultimately stole a box of insulin medication and related supplies from the basement, which were never returned.

24.    Upon information and belief, no illegal items were found in the home.

25.    Within a month after Defendants' unlawful and illegal actions occurred, Plaintiff Marie (who suffered from diabetes and cancer) suffered a stroke.

**Illegal Raid at 17268 Suffield**

26.    Plaintiffs Russell II and Felicia were present at the Suffield address when the illegal raid occurred.

4

27.   Defendants failed to "knock and announce" and instead kicked in the door and rushed into the home, even though there were no exigent circumstances preventing Defendants from "knocking and announcing."

28.   No reasonable officer could have found exigent circumstances to justify noncompliance with the knock and announce rule.

29.   With guns drawn on them, Defendants ordered Plaintiffs to the floor.

30.   During the illegal raid, Defendants tore up the home, broke doors, broke locks, and otherwise made a mess of the home.

31.   Defendants also tore out insulation from the ceiling and the attic and tore apart the furnace.

32.   During the illegal search, Plaintiffs Russell II and Felicia were detained and Russell II was asked if his name was "Black" to which he said "No."

33.   When Plaintiff Russell II said he was not "Black," Defendants then began to question him as to whether he knew anyone named "Black," to which Plaintiff Russell II responded that he did not.

34.   Defendant Jones then asked Plaintiff Russell II where the 15 "keys" (kilos) of cocaine and the $300,000.00 in cash was located, to which Plaintiff Russell II said he had no knowledge of such items.

35.   Defendant Jones repeatedly threatened Plaintiff Russell II and told him not to get a lawyer, because of he did, Defendant Jones would ensure that no one would help Plaintiff Russell II.

36.   Plaintiffs Russell II and Felicia were forced to the Redford Township Police Department even though they were not charged with a single crime.

5

37.     Plaintiff Russell II was illegally detained for approximately five (5) days and Plaintiff Felicia was illegally detained for one (1) day without being allowed to make a telephone call or contact an attorney.

38.     The Search Warrants used to search the above-referenced addresses were facially invalid, overly broad and generic, and not based on recent and/or credible information.

39.     During the searches of the addresses listed above, Defendants exceeded the scope of the Search Warrant and unlawfully confiscated Plaintiffs' personal property.

40.     For example, Defendants illegally seized a 1997 Cadillac and other vehicles, along with various pieces of jewelry, a wedding ring, cameras, handheld electronic video games (play stations), cellular telephones, and other items not listed in the Search Warrants.   Some of these items still have not been returned to Plaintiffs.

41.     The Search Warrants were general and nonspecific and permitted Defendants to take "any items obtained through the sale of controlled substances" and "valuables derived from the sale of controlled substances."

42.     Defendants clearly exceeded the scope of the Search Warrants and took personal property they should not have taken.

43.     Upon information and belief, details regarding the Confidential Informant's ("CI") criminal history, and use by law enforcement, as well as his/her success/failure rates, were not made known to the magistrate.

44.    Defendants falsely arrested and imprisoned Plaintiffs by illegally restricting their freedom of movement and by holding them at gunpoint and detaining them at the Redford Township Police Department.

45.    That Defendants seized Plaintiffs' property without legal cause or purpose.

46.    Plaintiffs suffered injuries and damages as a result of Defendants' intentional, reckless, egregious, and otherwise unlawful acts.

47.    After spending approximately five (5) days at the Redford Police Department, Plaintiff Russell II was released and no charges were brought against him.

48.    Subsequent to the May 2nd raid and his release, Plaintiff Russell II requested that Defendants return all of his property which was illegally taken.

49.    Plaintiff Russell II repeatedly complained to the Redford Township Police Department about the illegal seizure of the personal property and the illegal searches Defendants had conducted.

50.    Plaintiff Russell II hired an attorney to assist with the return of his wife's wedding ring which Defendants refused to return without any justification whatsoever.

51.    Once Plaintiff Russell II began to pressure Defendants and hired an attorney to have his wife's wedding ring returned, Defendants retaliated against him and filed bogus federal criminal charges against him.

52.    On November 8, 2007, Defendant Woodall was responsible for initiating a frivolous and retaliatory criminal complaint against Plaintiff Russell II in the United States District Court for the Eastern District of Michigan (Case No. 07-30517).

7

53.     An arrest warrant was subsequently issued against Plaintiff Russell II on December 18, 2007.

54.     However, on January 8, 2008, the United States of America filed a Motion to Dismiss the Complaint Without Prejudice because at the time the Complaint was filed, (1) there was not sufficient evidence to establish guilt beyond a reasonable doubt; (2) a full and complete investigation had not been conducted; and (3) there was doubt as to whether a criminal prosecution was in the public interest.

55.     On January 9, 2008, the criminal complaint against Plaintiff Russell II was dismissed without prejudice.

56.     Defendants still have not returned the wedding ring they illegally seized on May 2, 2007.

57.     As a result of Defendants' intentional and unlawful acts, Plaintiffs suffered injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983—EXCESSIVE FORCE

58.     Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

59.     The individually-named Defendants were at all times mentioned herein acting under color of law and within the course and scope of the employment.

60.     As a result of the conduct complained of herein, Plaintiffs suffered a deprivation of clearly established rights protected and secured by the Fourth and Fourteenth Amendments to the United States Constitution and by other

laws, including but not limited to, the right to be free from a deprivation of liberty, property, bodily security and integrity without due process of law, and the right to be free from unreasonable searches and seizures.

61.   Defendants violated Plaintiffs' clearly established and federally protected rights by using excessive and unreasonable force against Plaintiffs and/or failed to intervene and stop the excessive and/or unreasonable use of force.

62.   Defendants' acts were at all times intentional, objectively unreasonable, reckless, and/or grossly negligent, which was in violation of Plaintiffs' clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

63.   As a result of Defendants' violation/deprivation of Plaintiffs' constitutional rights, Plaintiffs have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**COUNT II**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983—ILLEGAL SEARCH AND SEIZURE**

64.   Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

65.   That the Fourth Amendment to the United States Constitution establishes that Plaintiffs have the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures and excessive force.

66.     At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiffs' Fourth Amendment rights when they falsely arrested and falsely detained Plaintiffs without probable cause or exigent circumstances.

67.     At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiffs' Fourth Amendment rights when they executed a facially invalid Search Warrant and/or blatantly exceeded the scope of it.

68.     Defendants violated Plaintiffs' rights when they took property which exceeded the scope of the Search Warrant, some of which has never been returned.

69.     Defendants acted unreasonably and failed in their duties when they falsely arrested/detained/seized Plaintiffs without considering the totality of the circumstances.

70.     Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiffs' clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

71.     Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiffs' deprivation of their constitutional rights.

72.     Due to Defendants' actions, Plaintiffs' Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiffs respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

## COUNT III
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 MALICIOUS PROSECUTION

73.   Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

74.   At all material times herein, Defendants charged Plaintiff Russell II with bogus crimes and instituted criminal proceedings against him which concluded in his favor.

75.   As stated above, Defendants had no actual knowledge or probable cause to believe that the charges brought against Plaintiff Russell II would succeed and acted unreasonably when they initiated a malicious prosecution of Plaintiff Russell II in which the charges were dismissed.

76.   Defendants failed to properly and thoroughly investigate, they manufactured probable cause, lied, and wrongfully initiated criminal proceedings against Plaintiff Russell II.

77.   Defendants were the initiators of Plaintiff Russell II's wrongful prosecution by unlawfully arresting him and charging him with bogus crimes, thereby causing damages.

78.   Defendants knew that they falsely and recklessly built a case against Plaintiff Russell II and this exemplified their callous indifference to his life and liberty.

79.   Defendants' actions were the direct and proximate cause of Plaintiff Russell II's malicious prosecution, which is violative of his Fourth Amendment rights.

80.   Pursuant to 42 U.S.C. § 1983, Plaintiffs respectfully request that this Court award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

## COUNT IV
## 42 U.S.C. § 1983
## VIOLATION OF THE FIRST AMENDMENT

81.   Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

82.   At all material times herein, Defendants were acting under color of law, within the course and scope of their employment, in both their individual and official capacities, and owed Plaintiffs the duty to avoid a violation of their constitutionally guaranteed civil rights.

83.   42 U.S.C. § 1983 imposes civil liability against a person who acts under the color of state law to deprive another of the rights, privileges, or immunities secured by the Constitution and other laws.

84.   The First Amendment to the United States Constitution protects a citizen's right to free speech.

85.   Plaintiff Russell II repeatedly complained about the illegal seizure of his property members of the Redford Township Police Department.

86.   Plaintiff Russell II repeatedly complained that Defendants had no right to take his personal property, especially the wedding ring.

87.   Plaintiff Russell II's complaints about Defendants violating his civil rights and breaking the law were matters of public concern.

88.    At the time Plaintiff Russell II made such complaints to the Redford Township Police Department about the illegal search and seizure of his property, he was engaged in activity protected by the First Amendment of the United States Constitution.

89.    As a result of Plaintiff Russell II's protected speech, a bogus criminal complaint was filed against him; the complaint was ultimately dismissed.

90.    Defendants would not have taken adverse actions against Plaintiff Russell II had he not exercised his constitutionally protected right to speak with regard to issues of public concern.

91.    Defendants' conduct was designed to silence Plaintiff Russell II and prevent further complaints concerning speech of public concern in which such conduct would chill and prevent an ordinary person from continuing in the exercise of speech.

92.    Defendants' conduct violated Plaintiff Russell II's constitutional rights and the individual Defendants are not entitled to qualified immunity with regard to their unlawful actions.

93.    That as the direct and proximate cause of Defendants' actions, Plaintiff Russell II suffered and continues to suffer injuries and damages.

94.    As a result of the unlawful conduct complained of herein, Plaintiffs suffered a deprivation of clearly established rights protected and secured by the First and Fourteenth Amendments to the United States Constitution and by other laws, including the right to free speech and the right to be free from retaliation for exercising the right to free speech.

95.    As a further result of Defendants' deliberate and intentional acts in violating

Plaintiffs' constitutional rights, they have a viable claim for compensatory and

punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest,

and attorney fees pursuant to 42 U.S.C. § 1988.

**COUNT V**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983—FAILURE TO KNOCK AND ANNOUNCE**

96.    Plaintiffs reallege and incorporate by reference each and every paragraph of

this Complaint as though fully set forth herein.

97.    That the Fourth Amendment to the United States Constitution establishes that

Plaintiffs have the right to be free from the deprivation of life, liberty, and

bodily security without due process of law and to be free from unreasonable

searches.

98.    At all material times, Defendants acted under color of law and unreasonably

when they violated Plaintiffs' Fourth Amendment rights and illegally entered

Plaintiffs' homes without knocking or announcing their presence or allowing

any reasonable time for Plaintiffs to respond.

99.    Defendants were under the statutory obligation to knock and announce their

presence pursuant to Mich. Comp. Laws § 780.656.

100.    Defendants acted unreasonably and failed in their duty to act lawfully when

they illegally entered Plaintiffs' homes without knocking or announcing their

presence and purpose, and to give Plaintiffs a reasonable amount of time to

respond.

14

101.    Defendants acted under color law and are not entitled to qualified immunity

        because they violated Plaintiffs' clearly established Fourth Amendment rights.

102.    Defendants' illegal acts were the direct and proximate cause of Plaintiffs'

        deprivation of their Fourth Amendment rights.

103.    Due to Defendants' actions, Plaintiffs' Fourth Amendment rights were

        violated and pursuant to 42 U.S.C. § 1983, Plaintiffs respectfully request this

        Honorable Court to award exemplary, compensatory, and punitive damages

        plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

### COUNT VI
### REDFORD TOWNSHIP CONSTITUTIONAL VIOLATIONS

104.    Plaintiffs reallege and incorporate by reference each and every paragraph of

        this Complaint as though fully set forth herein.

105.    Defendant Redford Township acted recklessly and/or with deliberate

        indifference when it practiced and/or permitted customs, policies, and/or

        practices that resulted in constitutional violations to Plaintiffs.

106.    That these customs, policies, and/or practices included but were not limited to

        the following:

        a.    Failing to train and/or supervise its officers so as to prevent violations

              of citizens' constitutional rights;

        b.    Failing to supervise, review, and/or discipline officers;

        c.    Failing to supervise, review, and/or discipline police officers whom

              the Township of Redford knew or should have known were violating

              or were prone to violate citizens' constitutional rights, thereby

permitting and/or encouraging its police officers to engage in illegal conduct;

d. Failing to control and/or discipline police officers known to harass, intimidate, and/or abuse citizens;

e. Failing to train and/or supervise police officers regarding the legal execution of search warrants;

f. Failing to train police officers and/or failing to institute policies/procedures regarding falsification of evidence;

g. Failing to train and/or supervise its police officers regarding the use of excessive force;

h. Having a custom, policy, and/or practice of falsely arresting and/or illegally detaining citizens.

107. Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

108. Defendants' deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiffs' injuries and damages.

109. Plaintiffs have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an

award in their favor and against Defendants in an amount in excess of Seventy-Five

Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

                          Respectfully Submitted,
                          CHRISTOPHER TRAINOR & ASSOCIATES


                          **By: s/ Shawn C. Cabot**
                          CHRISTOPHER J. TRAINOR (P42449)
                          SHAWN C. CABOT
                          Attorney for Plaintiffs
                          9750 Highland Road
                          White Lake, MI  48386
                          (248) 886-8650
                          shawn.cabot@cjtrainor.com

Dated:  October 26, 2009
*CJT/scc*

17

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RUSSELL MARCILIS II, FELICIA MARCILIS,
JASMINE MARCILIS, RUSSELL MARCILIS I,
and MARIE MARCILIS,

       Plaintiffs,

v.                                                                    CASE NO: 2:09-cv-11624
                                            HON: LAWRENCE P. ZATKOFF
                                            MAG. VIRGINIA M. MORGAN

REDFORD TOWNSHIP, BRIAN JONES, ERIC WOODALL,
ERIC GILLMAN, JOHN BUTLER, KEVIN JEZIOROWSKI,
WILLIAM HAND, BRAD BOYLE, DAVE LIVINGSTON,
CHRIS RICHARDSON, and OTHER UNNAMED OFFICERS, in their individual
and official capacities,

       Defendants.
_____/

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES | CUMMINGS, McCLOREY, DAVIS |
| CHRISTOPHER J. TRAINOR (P42449) | & ACHO, P.L.C. |
| SHAWN C. CABOT (P64021) | JEFFREY R. CLARK, (P33074) |
| Attorneys for Plaintiffs | ANNE M. McLAUGHLIN (P40455) |
| 9750 Highland Road | Attorneys for Defendants |
| White Lake, MI  48386 | 33900 Schoolcraft Road |
| (248) 886-8650 | Livonia, MI 48150 |
| Shawn.cabot@cjtrainor.com | (734) 261-2400 |

_____/

**<u>DEMAND FOR TRIAL BY JURY</u>**

18

**NOW COME** Plaintiffs, by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby demand a trial by jury for the above-captioned matter.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**By: s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorney for Plaintiffs
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  October 26, 2009
*CJT/scc*

## PROOF OF SERVICE

I hereby certify that on October 26, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ***Jeffrey R. Clark, and Anne M. McLaughlin*** and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ***None***.

s/ Shawn C. Cabot (P64021)
Christopher Trainor & Associates
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com