UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUSSELL MARCILIS, II et al.,

    Plaintiffs

v.

Case No. 09-11624
Hon. Lawrence P. Zatkoff

REDFORD TOWNSHIP et al.,

    Defendants.
    _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 16, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants Brad Boyle and David Livingston's ("the DEA Defendants") motion to dismiss [dkt 36]. The parties have fully briefed the motion.[1] The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, the motion is GRANTED.

**II. BACKGROUND**

This case arises out of two allegedly unconstitutional searches of Plaintiffs' residences on May 2, 2007. The DEA Defendants were part of a task force that was operating in conjunction with

---

[1] The Court GRANTS the DEA Defendants' motion for leave to file excess pages [dkt 37], and it accepts their 22-page brief.

the Redford Police Department. The second amended complaint [dkt 27] ("the complaint") alleges that Defendants on that day entered the home of Plaintiffs Russell Marcilis ("Russell I") and Marie Marcilis, located at 5966 Manistique in Detroit, Michigan, pursuant to a search warrant but without first knocking and announcing their presence. Rather, Plaintiffs state that the officers upon arrival kicked in the door and entered with their weapons drawn. The complaint further alleges that Russell I was thrown to the floor, even though he displayed clearly visible bandages covering recently-suffered second-degree burns. The officers also purportedly aimed their guns at the Marcilises and their daughter Jasmine throughout the 30-minute search. When the officers did not find the contraband that they anticipated would be present, they allegedly seized insulin medication and related supplies from the residence.

The second search of the day involved the residence of Plaintiffs Russell Marcilis II ("Russell II") and Felicia Marcilis, located at 17268 Suffield in Clinton Township, Michigan. The complaint again alleges that the executing officers failed to abide by the knock-and-announce requirement. Plaintiffs also contend that the officers "tore up" the house and seized several items outside the scope of the search warrant. Russell II and Felicia Marcilis were arrested following the search, although no charges were filed at that time. Following the arrests, Russell II telephoned the Redford Township Police Department seeking the return of his wife's wedding ring, which apparently had not been returned following her arrest. Plaintiffs maintain that a criminal complaint was filed against Russell II in retaliation for this phone call, and an arrest warrant later issued. The complaint was ultimately dismissed without prejudice.

Plaintiffs filed this action under 42 U.S.C. § 1983, alleging that the above series of events

violated various of their constitutional rights.² The DEA Defendants have moved to dismiss the claims against them, arguing that (1) the complaint does not sufficiently state a constitutional violation in which they were personally involved; and (2) they are otherwise entitled to qualified immunity.

### III. LEGAL STANDARD

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions . . . .'").

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the

---

²The Court construes the claims against the DEA Defendants, who are employed by the federal government, as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

### IV. ANALYSIS

#### A. Qualified Immunity

Government officials such as police officers are shielded from liability under the doctrine of qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Pierson v. Ray*, 386 U.S. 547 (1967). In order to determine whether a defendant is entitled to qualified immunity, the Court performs a two-step analysis. The Court must question whether the alleged facts "[t]aken in the light most favorable to the party asserting the injury . . . show [that] the officer's conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court must also decide "whether the right was clearly established." *Id.* To determine that a right is clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). It is within the Court's discretion to determine which factor of the analysis to address first. *See Pearson v. Callahan*, 555 U.S. ___, 129 S. Ct. 808, 821 (2009). The burden is on the plaintiff to show that the defendant is not entitled to qualified immunity. *See Miller v. Admin. Office of Courts*, 448 F.3d 887, 894 (6th Cir. 2006).

#### B. Constitutional Violation

The DEA Defendants quarrel with Plaintiffs' collective reference to "Defendants" throughout the complaint. The DEA Defendants argue that such reference does not allege the specific involvement of each individual officer. The DEA Defendants insist that the pleading rules

mandate that each defendant be made aware of the specific conduct that he or she took part in (*i.e.*, exactly who did what).

Plaintiffs maintain that their allegations are entirely appropriate to defeat a Rule 12(b)(6) motion because the complaint suffices to put the DEA Defendants on notice of the claims being asserted against them. They contend that the purpose of discovery is to allow for such general allegations to be substantiated.

Courts are hesitant to accept this form of generalized pleading, especially where § 1983 and/or *Bivens* claims are involved. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants,' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional act they are alleged to have committed."); *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy this minimum standard . . . ."); *Long v. Tenn. Valley Auth.*, No. 3:09-CV-114, 2010 WL 1223917, at *6 (E.D. Tenn. Mar. 24, 2010) ("Rather, plaintiffs have lumped all TVA employee defendants together and asserted that each one had essentially the same role . . . ."); *Edwards v. City of New York*, No. 07-CV-5286, 2009 WL 1910740, at *3 (E.D.N.Y. June 29, 2009) (denying motion to amend where "Plaintiff's amended complaint does not specify which officers took part in which of these actions"); *Howard v. City of Bethlehem, Bureau of Police Dep't*, No. 90-0223, 1990 WL 56515, at *1 (E.D. Pa. May 1, 1990) ("Plaintiff must allege that each individual officer did something or failed to do something that violated his rights. Furthermore, plaintiff must identify by name which police officer did what conduct."). *See also Young v. City of*

*Visalia*, 687 F. Supp. 2d 1141, 1153 (E.D. Cal. 2009) (dismissing § 1983 claim where the plaintiff had an opportunity to ascertain the identity of the offending officers but generally pleaded allegations of their actions).

Conversely, some authority suggests that this level of specificity is not required to survive a Rule 12(b)(6) motion. *See, e.g.*, *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441 (11th Cir. 1985) ("Despite the complaint's failure to identify which officers in particular were responsible for these actions, we do not believe that any of the individual officers are entitled to dismissal at this stage."); *Filipek v. Krass*, 576 F. Supp. 2d 918, 923 (N.D. Ill. 2008) (denying motion to dismiss where "the Complaint [did] not specify what each Defendant did during the course of [the] arrest[,]" but the plaintiff provided "the names of all officers alleged to have taken part in the arrest, the date of the arrest, and the location where the arrest took place"); *Messina v. Mazzeo*, 854 F. Supp. 116, 126 (E.D.N.Y. 1994) ("The Federal Rules, as illustrated by Rule 8(a), do not require that plaintiff set out a defendant's precise role in the injurious conduct."). However, *Fundiller* and *Messina* were decided well before *Twombly* and *Iqbal* clarified the pleading standard required to survive a Rule 12(b)(6) motion. *Filipek* was issued post-*Twombly* and pre-*Iqbal*; therefore, it was not privy to *Iqbal*'s proclamation that *Twombly*'s application was not limited to the antitrust context. *See id.* at 923 ("This civil rights case is obviously distinguishable from a complex patent or antitrust case."); *see also Iqbal*, 129 S. Ct. at 1953 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions . . . .'").

This court has entertained claims outside of the § 1983 and *Bivens* context based on similar collective pleadings. *See e.g.*, *Cason-Merenda v. Detroit Med. Ctr.*, No. 06-15601, 2008 WL 880286, at *1 (E.D. Mich. Mar. 31, 2008) ("[T]he Court agrees with Plaintiffs that their allegations,

6

while not specific to each defendant, are sufficiently specific as to a common course of conduct to alert each defendant . . . to the factual basis underlying Plaintiffs' antitrust claims."); *In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583, 593 (E.D. Mich. 1985) ("However, when a plaintiff sues individual group members on the collective product of the group, specific allegations about the role of each defendant are unnecessary."). However, allowing Plaintiffs' complaint to proceed against the DEA Defendants based on these cases would ignore the unique posture of a *Bivens* action. *See Kesterson v. Moritsugu*, 149 F.3d 1183, at *4 (6th Cir. 1998) (table opinion) (noting in affirmation of dismissal of *Bivens* action that "[t]he rules we have cited above are well-settled, and require that Kesterson allege that a specific defendant performed a specific act that suffices to state a claim."); *Long*, 2010 WL 1223917, at *6 ("In order to state a *Bivens* action against a federal official, a plaintiff must allege that a specific defendant performed a specific act that suffices to state a claim.").

In sum, the Court finds most compelling those post-*Twombly/Iqbal* cases dismissing § 1983 and/or *Bivens* claims where the personal involvement of individual defendants was not pleaded. *See Robbins v. Oklahoma*, 519 F.3d at 1250; *Long*, 2010 WL 1223917, at *6; *Young*, 687 F. Supp. 2d at 1155; *Edwards*, 2009 WL 1910740, at *3. The Court therefore finds that Plaintiffs' complaint fails to allege the personal involvement of the DEA Defendants so as to inform those defendants of the constitutional violations being specifically asserted against them. Moreover, the officers' mere presence at the scene does not automatically subject them to liability. *See Jones v. Williams*, 297 F.3d 930, 939 (9th Cir. 2002) ("Our analysis has shown that holding an officer liable who was merely present at the search is not permissible."); *Young*, 687 F. Supp. 2d at 1153. The DEA Defendants are noted in the complaint only to identify them as such, and they are otherwise lumped

in with the remaining defendants on all charges.  The Court finds this generic form of pleading insufficient under *Twombly* and *Iqbal*.

Although the Court could, in its discretion, allow Plaintiffs to amend their complaint rather than dismiss the claims, the Court finds that this is not an appropriate case in which to do so.  Plaintiffs have filed three complaints, and three scheduling conferences were required before the Court was able to issue a scheduling order.  Plaintiffs had more than an adequate opportunity to plead their claims.  Permitting Plaintiffs to amend their complaint at this juncture would greatly impair the Court's ability to timely adjudicate the remaining claims in this case.

## C.  Clearly Established Law

To overcome an assertion of qualified immunity, Plaintiffs must also demonstrate that the constitutional right at issue was clearly established at the time of the alleged deprivation.  *See, e.g.*, *Saucier*, 533 U.S. at 201.  Because Plaintiffs have not sufficiently stated the violation of a constitutional right as to the DEA Defendants, the Court need not analyze this factor.

## D.  Scheduling Order

The parties did not engage in discovery involving the DEA Defendants during the pendency of this motion because the DEA Defendants had filed a motion to stay discovery—although that motion was filed two months after the motion to dismiss.  Plaintiffs filed a motion [dkt 50] on the date of the discovery cut-off for an extension of all of the dates contained in the Court's December 9, 2009, scheduling order.  All of the parties have concurred in the motion except for the DEA Defendants, who took no position on the issue.

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b). The Courts finds that good cause does not exist for the requested extensions.  The

pending motions involving the DEA Defendants should not have impaired the remaining parties' ability to engage in discovery. The DEA Defendants have now been dismissed from this case. Therefore, the Court denies Plaintiffs' motion to adjourn the scheduling order.

## V. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that the DEA Defendants' motion to dismiss [dkt 36] is GRANTED;

IT IS FURTHER ORDERED that the DEA Defendants' motion for leave to file excess pages [dkt 37] is GRANTED;

IT IS FURTHER ORDERED that the DEA Defendants' motion to stay discovery [dkt 41] and motion for a protective order [dkt 48] are DENIED as MOOT

IT IS FURTHER ORDERED that Plaintiffs' motion to adjourn scheduling order [dkt 49] is DENIED.

IT IS SO ORDERED.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: August 16, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 16, 2010.

    S/Marie E. Verlinde
    Case Manager
    (810) 984-3290