## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RUSSELL MARCILIS II, FELICIA MARCILIS,
JASMINE MARCILIS, RUSSELL MARCILIS I,
and MARIE MARCILIS,

       Plaintiffs,

v.                                        Case No. 09-11624
                                           Hon. Lawrence P. Zatkoff

REDFORD TOWNSHIP, BRIAN JONES,
ERIC WOODALL, ERIC GILLMAN,
JOHN BUTLER, KEVIN JEZIOROWSKI,
WILLIAM HAND, CHRIS RICHARDSON,
and OTHER UNNAMED OFFICERS,
in their individual and official capacities,

       Defendants.

_____/

### OPINION AND ORDER

      AT A SESSION of said Court, held in the United States Courthouse,
    in the City of Port Huron, State of Michigan, on January 25, 2011.

      PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
                UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' motion for certificate of appealability pursuant

to Fed. R. Civ. P. 54(b) [dkt 73]. Only Defendants Brad Boyle and David Livingston (the "DEA

Defendants") responded to Plaintiffs' motion. The Court finds that the decision process would not

be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is

hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons,

Plaintiffs' motion is GRANTED.

## II. BACKGROUND

The factual underpinnings of this case are adequately discussed in the Court's November 18, 2010, opinion and order [dkt 69] granting in part and denying in part Defendants' two motions for summary judgment and need only be briefly revisited. Essentially, this case arises out of two allegedly unconstitutional searches of Plaintiffs' residences on May 2, 2007. The DEA Defendants and the Redford Township Police Department were part of a joint-task force that executed two warrants on Plaintiffs' residences. Plaintiffs' second-amended complaint (the "complaint") alleges that Defendants entered the residence of Plaintiffs Russell Marcilis ("Russell I") and Marie Marcilis, located at 5966 Manistique in Detroit, Michigan, pursuant to a search warrant without knocking and announcing their presence. Upon entry, Plaintiffs contend that the officers kicked in the door and entered with their weapons drawn. The complaint further alleges that the officers pushed Russell I to the floor, aimed their guns at the Marcilises and their daughter Jasmine throughout the 30-minute search, and seized insulin medication and related supplies from the residence.

The second search of the day involved the residence of Plaintiffs Russell Marcilis II ("Russell II") and Felicia Marcilis, located at 17268 Suffield in Clinton Township, Michigan. The complaint again alleges that the executing officers failed to abide by the knock-and-announce requirement. Plaintiffs also contend that the officers searched the house and seized several items outside the scope of the search warrant. Following the search, Russell II and Felicia Marcilis were arrested but no charges were filed at that time. After the arrests, Russell II sought return of his wife's wedding ring, which purportedly had not been returned following her arrest, from the Redford Township Police Department. Plaintiffs maintain that a criminal complaint was filed against Russell II in retaliation and an arrest warrant later issued. The criminal complaint was ultimately dismissed

2

without prejudice.

Plaintiffs then filed this case under 42 U.S.C. § 1983, alleging that the above series of events violated their constitutional rights. The DEA Defendants moved to dismiss the claims against them, arguing that (1) the complaint failed to sufficiently state a constitutional violation in which they were personally involved; and (2) they were otherwise entitled to qualified immunity. The Court granted the DEA Defendants' motion, thus dismissing them from the case.

Subsequently, the remaining Defendants filed two motions for summary judgment.[1]  On November 18, 2010, the Court granted summary judgment in favor of: (1) Defendants Richardson, Butler, Gillman, Hand, Jeziorowski, Jones, and Woodall on Plaintiffs' claims of excessive force, unreasonable search and seizure, malicious prosecution, and First Amendment retaliation based on qualified immunity; and (2) Redford Township on Plaintiff's municipal liability claim for failure to train or supervise—the only claim against Redford Township. The Court denied summary judgment on Plaintiffs' claim of failure to knock and announce.

Following the Court's November 18, 2010, opinion and order, Defendants Jones, Woodall, Gillman, and Butler filed a notice of appeal of this Court's November 18, 2010, opinion and order. Plaintiffs now ask that the Court certify Plaintiffs' issues with the August 16, 2010, opinion and order, and the November 18, 2010, opinion and order, for immediate appeal pursuant to Fed. R. Civ. P. 54(b).

---

[1]Defendant Richardson filed a motion for summary judgment and Defendants Butler, Gillman, Hand, Jeziorowski, Jones, Woodall, and Redford Township filed a motion for summary judgment.

### III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 54(b), a district court may certify an issue for interlocutory appeal prior to the ultimate disposition of a case. *See Lowery v. Fed. Express Corp.*, 426 F.3d 817, 820–21 (6th Cir. 2005); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 3 (1980); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–43 (1976); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956). Rule 54(b) states:

> [w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b); *see  Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986) (stating that the rule is "designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action").

Rule 54(b) certification requires the Court to make two determinations. First, the district court must determine if it may enter final judgment as to one or more, but fewer than all, claims or parties.  *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994). Second, the district court must "determine[] that there is no just reason" to delay appellate review.  Fed. R. Civ. P. 54(b);  *Gen. Acquisition*, 23 F.3d at 1030.

### IV. ANALYSIS

Plaintiffs seek an interlocutory appeal of the Court's decisions on two grounds: (1) whether Plaintiffs' complaint was sufficient to survive the DEA Defendants' Rule 12(b)(6) motion to dismiss; and (2) whether Defendants were entitled to qualified immunity.  Plaintiffs argue that judicial economy is best served by certifying the Court's two opinion and orders for appeal under

4

Rule 54(b) now.  The DEA Defendants refute this contention and maintain that this case is not exceptional and that Rule 54(b) certification is unwarranted.[2]  For the reasons set forth below, the Court finds that Rule 54(b) certification is proper in this case because entry of a final judgment is appropriate and no just reason exists to delay appellate review.

## A. FINAL JUDGMENT

A "final judgment" may enter as to a decision of the Court that is the "ultimate disposition" of one or more, but fewer than all, of the claims or parties in a case.  *Lowery*, 426 F.3d at 821; *Curtiss-Wright*, 446 U.S. at 7 (citing *Sears*, 351 U.S. at 436).  When determining if multiple claims have been asserted by the parties, this Circuit has defined a single claim for purposes of Rule 54(b) certification as "the aggregate of operative facts which give rise to a right enforceable in the courts." *McIntyre v. First Nat'l Bank*, 585 F.2d 190, 192 (6th Cir. 1978) (citing *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 341 (2d Cir. 1963); *Gottesman v. GM Corp.*, 401 F.2d 510, 512 (2d Cir. 1968) (applying "operative facts" test to determine whether multiple claims were present); *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961) (same).

The Court need not determine if Plaintiffs' assert multiple claims because Rule 54(b) permits entry of a final judgment as to decisions disposing of either multiple parties or multiple claims. Clearly, this case involves multiple parties.

With respect to the entry of a final judgment, the Court entered an ultimate disposition regarding the DEA Defendants and Redford Township.  In the Court's August, 16, 2010, opinion

---

[2]The DEA Defendants also argue that because Defendants' notice of appeal [dkt 71] was filed prior to Plaintiffs' motion for certificate of appealability [dkt 73], this Court lacks jurisdiction.  However, according to documentation from the Sixth Circuit Court of Appeals, it has placed the case in abeyance pending a ruling by this Court on Plaintiffs' motion for certificate of appealability.  To not cause further delay, the Court will decide Plaintiffs' motion.

and order, the Court granted the DEA Defendant's motion to dismiss. This opinion and order ultimately disposed of the claims against the DEA Defendants and dismissed them from the case. Additionally, the Court's November 18, 2010, opinion and order, granting in part and denying part Defendants motions for summary judgment, ultimately disposed of Plaintiffs' muncipality liability claim against Redford Township. Therefore, the Court finds that the Court's August 16, and November 18, opinion and orders ultimately disposed of the claims against three of the original ten defendants. As such, the Court enters final judgment as to these two opinions and orders.

**B. NO JUST REASON FOR DELAY**

In the second step, to determine if Rule 54(b) certification is proper, the Court must "weigh and examine the competing factors involved in the certification decision." *Solomon*, 782 F.2d at 61–62; *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) ("[T]he district court's discretion is not unbounded."). In *Corrosioneering, Inc.*, this Circuit stated that the Court should consider the following non-exhaustive list of factors when making a Rule 54(b) determination:

> (1) the relationship between the adjudicated and unadjudicated claims;
>
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
>
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and
>
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

6

*Corrosioneering, Inc.*, 807 F.2d at 1283 (citation omitted); *Solomon*, 782 F.2d at 61 n.2.

Neither of the parties' papers adequately address the considerations the Court must weigh when deciding if there is no just reason for delay. Upon the Court's own review of the record and this Circuit's precedent, the Court finds that this is an exceptional case where the needs of the parties are best served by appellate review at this time.

First, proceeding forward with a trial on Plaintiff's only remaining claim—failure to knock and announce—does not raise the possibility that appellate review of Plaintiffs' issues at this juncture will be mooted by future developments in this Court. Additionally, judicial economy is best served by immediate appeal, rather than going to trial on Plaintiffs' one remaining claim and then appealing the outcome of that trial and the issues presented in the instant motion to only have a second trial that involves the same parties, witnesses, and exhibits on the five claims that the Court granted summary judgment to in favor of Defendants. *Hunt v. Mobil Oil Corp.*, 550 F.2d 68, 69 (2nd Cir. 1977) (noting that Rule 54(b) certification is appropriate when a duplicative lengthy trial may be avoided) Second, this is not a case where there are any claims or counterclaims that could result in a set-off against a final judgment.

Furthermore, this case is exceptional with respect to the relationship between the adjudicated and unadjudicated claims. Although an interrelationship of the adjudicated and unadjudicated claims weighs against certification under Rule 54(b), *see Gen. Acquisition*, 23 F.3d at 1028, *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880–82 (9th Cir. 2005), here, the Court still finds that it should certify Plaintiffs' issues for appeal. In *Wood*, the Ninth Circuit reversed the district court's Rule 54(b) certification because the "practical effect of certifying the constructive discharge issues in [the case would] deconstruct [the plaintiff's] age discrimination action so as to allow piecemeal appeals

7

with respect to the same set of facts." *Wood*, 422 F.3d at 880. Contrary to *Wood*, this case involves multiple parties, as opposed to a single claim and a single party, and it is exceptional because Defendants are already seeking appellate review on the denial of qualified immunity with respect to Plaintiffs' failure to knock and announce claim. Thus, since the Court of Appeals will be reviewing this case's set of facts during Defendants' appeal, judicially economy is only further served by certifying Plaintiffs' issues for appeal.

If, instead, the Court were to deny Plaintiffs' instant motion under Rule 54(b), the Court of Appeals may have to revisit the same set of facts after the end of a trial on Plaintiffs' failure to knock and announce claim. Permitting, Plaintiffs' appellate review now may eliminate this possibility if the Court of Appeals reviews the Court's November 18, 2010, opinion and order in its entirety, rather than just Defendants' issue with being denied qualified immunity as to Plaintiffs' failure to knock and announce claim. *See Lowery*, 426 F.3d at 823 (noting that "the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal," which weighs against Rule 54(b) certification).

Furthermore, none of the cases cited by the parties, nor any located by the Court through its review, indicate a similar set of facts, which further showcases the exceptional circumstances of this case and justifies why Rule 54(b) certification is proper despite the fact that the adjudicated and unadjudicated claims are based upon the same set of facts. In sum, the Court finds, based upon the needs of the parties, that allowing the interlocutory appeal of Plaintiffs' issues outweighs the efficiency of an appeal at the conclusion of a trial on Plaintiffs' failure to knock and announce claim. *See GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004) (noting that the district court

must "determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety") (citation omitted).

## V. CONCLUSION

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' motion for certificate of appealability [dkt 73] is GRANTED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff_____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  January 25, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 25, 2011.

s/Marie E. Verlinde_____
Case Manager
(810) 984-3290