UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Russell Marcilis, II, *et al.*,

       Plaintiffs,

v.                                                                 Case No. 09-11624

Redford Township, *et al.,*                              Sean F. Cox
                                                                    United States District Court Judge

       Defendants.
_____/

## **ORDER**

    Represented by Counsel, Plaintiffs filed this § 1983 action on April 30, 2009.  The case

was assigned to the Honorable Lawrence P. Zatkoff.  After Judge Zatkoff made a ruling denying

qualified immunity, there was an interlocutory appeal.  The United States Court of Appeals for

the Sixth Circuit affirmed Judge Zatkoff's qualified immunity ruling on August 14, 2012, and

the case was remanded thereafter to the trial court.  Judge Zatkoff scheduled the matter for trial.

    On May 21, 2013, however, after the parties agreed to a "STIPULATION TO DISMISS

CASE"[1], Judge Zatkoff issued an "ORDER TO DISMISS CAUSE," prepared by counsel for the

parties, that stated, in its entirety:

>     Upon the reading and filing of the stipulation annexed hereto, and the
> Court being fully advised in the premises;
>     IT IS HEREBY ORDERED that this case is **dismissed with prejudice**
> and without costs and without attorney fees to any party; **all pending claims are**

---

[1] The Stipulation to Dismiss stated "The parties in the above-entitled case by their respective attorneys, hereby stipulate and agree that an Order be entered forthwith dismissing the said case with prejudice and without costs and attorney fees to any party." (Docket Entry No. 97 at Pg ID 1104).

**resolved and this case is closed**.

(Docket Entry No. 97 at Pg ID 1105) (emphasis added).

On October 23, 2015 – more than two full years after the matter had been dismissed with prejudice and the case had been closed – Plaintiffs filed a motion asking the Court to resolve a dispute regarding attorney fees that stemmed from a settlement agreement in this case.

Because Judge Zatkoff passed away after this case had been dismissed and closed, the matter was been reassigned to the undersigned.

"Nothing is to be more jealously guarded by a court than its jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). This is because "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of American*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction" and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*

Upon the Court's initial review of the motion filed, it appeared to this Court that it lacks subject matter jurisdiction over the pending motion. As such, the Court ordered Plaintiffs to show cause, in writing, why this Court should not decline to rule on the pending motion.

In responding to that order, Plaintiffs assert that this Court has the discretion to exercise supplemental jurisdiction over the disputes over attorney fees raised in the pending motion and that it would be more convenient for the dispute to resolved here rather than in state court.

Even if this Court has the discretion to entertain the pending motion, this Court would decline to do so under the circumstances presented here – where this action was dismissed with prejudice more than two full years before the motion was filed and where another judge presided over the case.

The Court hereby **ORDERS** that it **DECLINES TO EXERCISE JURISDICTION** over

Plaintiffs' motion.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  December 2, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on
December 2, 2015, by electronic and/or ordinary mail.

S/Kelly Winslow for Jennifer McCoy
Case Manager Generalist